
EXHIBIT L



October 23, 2025

ICE ERO
New York City Field Office
26 Federal Plaza
9th Floor, Suite 9-110
New York, NY 10278

Re: **CAMAS CHAFLA, Elias Joel (A# 246-384-757)**
**Request for Stay of Removal**

**<u>DOCUMENTS SUBMITTED:</u>**

Ex. A  Passport
Ex. B  Elias Joel Camas Chafla's Form I-797C, Approval Notice for Form I-360, Application for Special Immigrant Juvenile Status
Ex. C  Special Findings Order for Special Juvenile Status Application
Ex. D  NYC Public School Schedule for Elias Camas Chafla & Enrollment demonstrating 100% attendance
Ex. E  Letter from Gotham Collaborative High School on behalf of Elias Joel Camas Chafla

Dear New York-ERO Field Office:

I am writing to request that the removal of Elias Joel Camas Chafla ("Elias Joel" or "Joel"), A# 245384757, a 16-year-old high school student with approved Special Immigrant Juvenile Status ("SIJS"), be stayed and his imminent removal deferred. My G-28 and Elias Joel's passport are attached.

While Elias Joel was ordered removed in February 2024, he later obtained Special Immigrant Juvenile Status and is on a pathway to toward a green card. He is in 11th grade at Gotham Collaborative High School in the Bronx and has not had any criminal legal contact.

I am submitting this request for a stay at his routine ICE check-in appointment in New York City on October 23, 2025. Elias Joel recently became a member of The Door, a youth development organization, and we are **exploring potential remedies to reopen and rescind the removal order.**

As previously stated, Elias Joel is a NYC public high school student and Special Immigrant Juvenile. As set forth below, he should not be removed to Ecuador. A Family Court Judge determined that it was in Joel's best interest to remain in the United States and benefit from the protections to which he is legally entitled as a vulnerable youth; and his SIJS petition has been approved.

**Accordingly, Elias Joel, a Special Immigrant Juvenile (based on abandonment by his father) and a New York City high school student, seeks a stay of removal to allow him to remain in New York.**

## Argument

Elias Joel files this stay request as a matter of urgency. He faces imminent removal. Because of the urgent nature of this filing, he may supplement this request at a later date.

### I. Deportation Would Be Inconsistent With Congressional Intent, Pursuant to Which SIJS Youth Should Not Be Removed

In May 2024, because Elias Joel's father had abandoned him, he began the family court process to obtain the court orders necessary to apply for SIJS. On December 17, 2024, he received orders from the Bronx County Family Court finding that Elias Joel's father had abandoned him, and that it is not in his best interest to return to Ecuador. *See* Ex C. In granting the order, the Family Court acknowledged the safety and opportunities available to Elias Joel in the United States. On December 23, 2024, Elias Joel applied for SIJS with the United States Citizenship and Immigration Services (USCIS) and his application was approved on April 15, 2024. *See* Ex. B.

Congress created Special Immigrant Juvenile Status to alleviate "hardships experienced by some dependents of United States juvenile courts by providing qualified aliens with the opportunity to apply for special immigrant classification and lawful permanent resident status, with possibility of becoming citizens of the United States in the future" in recognition of the particular vulnerabilities and safety needs of SIJS youth. Immigration Act of 1990, Pub. L. No. 101-649, § 153, 104 Stat. 4978 (1990) (amending various sections of the Immigration and Nationality Act); Special Immigrant Status, 58 Fed. Reg. 42,843, 42,844 (Aug. 12, 1993); *see also Galvez v. Cuccinelli*, Case No. C19-0321RSL, at *2 (W.D. Wash. Jul. 17, 2019). Understanding that many immigrant youth who qualify for this status are in removal proceedings because they have entered the U.S. to escape the abuse, abandonment, and neglect that they suffered in their home country, the INA does not prevent an abused, abandoned, or neglected juvenile in removal proceedings – or with a removal order – from applying with USCIS, which has sole jurisdiction over such applications. *See* 8 C.F.R. §§ 204.11(b), 204.11(h).

To be granted SIJS, youth like Elias Joel must first "satisfy[] a set of rigorous, congressionally defined eligibility criteria." *Osorio-Martinez* 893 F.3d at 163. Specifically, the Immigration and Nationality Act ("INA") provides that those eligible for SIJS designation, as relevant here, are noncitizen youth who are present in the United States; who have been declared dependent on a state juvenile court; who cannot be reunified with one or more parents because of abuse, neglect, or abandonment; and for whom it has been determined that it is not in their best interest to return to their country of origin. 8 U.S.C. § 1101(a)(27)(J); 8 C.F.R. § 204.11(c).

Upon receipt of a state court order finding the youth cannot be safely reunited with parent(s) nor safely sent back to their country of origin, the youth can apply for SIJS. The application process includes submitting a Form I-360 SIJS Petition to USCIS, along with the predicate state court order and other supporting evidence. *See* 8 C.F.R. § 204.11(b). USCIS then

considers the application and supporting documentation to determine whether to exercise its statutory "consent function" to approve the petition. *See* 8 U.S.C. § 1101(a)(27)(J)(iii). By exercising its statutory consent function to grant SIJS, the agency recognizes the state court's determinations including that the child's return to their country of origin would be contrary to their best interests. 8 U.S.C. § 1101(a)(27)(J)(iii).

This is exactly what happened in the instant case. Here, USCIS approved Elias Joel's SIJS petition after the Bronx Family Court found him to be *prima facie* eligible for SIJS. Since USCIS approved Elias Joel's SIJS petition, he is "a hair's breadth from being able to adjust [his] status, pending only the availability of immigrant visas and the approval of the Attorney General." *Osorio-Martinez v. U.S. Attorney General*, 893 F.3d 153, 174 (3d Cir. 2018). **Removal of a SIJS beneficiary, even one subject to prolonged visa retrogression, constitutes a grave violation of due process warranting an emergency stay of removal.** *See id.* (ordering an emergency stay of removal for a retrogressed SIJS recipient on the grounds that removal fundamentally violated Respondent's due process rights and undermined Congressional protections afforded by the SIJ statute); *Joshua M. v. Barr*, 439 F. Supp. 3d 632 (E.D. Va. 2020) (same).

The main benefit of SIJS – and indeed, its core purpose – is that it confers on vulnerable young people like Elias Joel the right to seek lawful permanent resident status while remaining in the United States, through a process called adjustment of status. *See* 8 U.S.C. 1255(h). Crucially, a noncitizen youth is eligible for SIJS only if he or she is "*present* in the United States." 8 U.S.C. § 1101(a)(27)(J) (emphasis added). This requirement makes perfect sense in light of the purpose of the SIJS statute. SIJS is predicated, after all, on a state court finding that the youth cannot be safely reunited with parent(s), nor safely sent back to their country of origin. The design of this program, then, "show[s] a congressional intent to assist a limited group of abused children to remain safely in the country with a means to apply for [legal permanent resident ("LPR")] status." *Garcia v. Holder*, 659 F.3d 1261, 1271 (9th Cir. 2011) (abrogated on other grounds).

To facilitate this process, Congress removed numerous barriers to adjustment of status for SIJS beneficiaries through amendments to the SIJS provisions in 1991 and again in 2008. For example, Special Immigrant Juveniles are "deemed . . . to have been paroled into the United States" for the purposes of adjustment of status. 8 U.S.C. § 1255(h)(1). Further, Congress exempted Special Immigrant Juveniles from many common inadmissibility grounds and created a generous waiver of many of the non-exempt inadmissibility grounds. 8 U.S.C. § 1255(h)(2). And, Congress explicitly provided that certain grounds for removal, "shall not apply to a special immigrant described in section 1101(a)(27)(J) of this title [the SIJS statute] based upon circumstances that existed before the date the [noncitizen] was provided such special immigrant status." 8 U.S.C. § 1227(c).

Though SIJS renders youth eligible to apply for adjustment, they can only do so when a visa is immediately available to them. 8 U.S.C. § 1255(h); *see also* 8 U.S.C. § 1153(b)(4) (providing annual limits on visas available to special immigrant juveniles). Since 2016, however, the number of SIJS beneficiaries has surpassed the supply of available visas for most countries, leaving many young people in a backlog, waiting to apply for a green card.

Despite the immediate unavailability of visas, these waitlisted SIJS beneficiaries are the same vulnerable young people that the SIJS statute was designed to protect. The fact that no visa is currently available because a numerical limit has been reached changes nothing about their eligibility determination by USCIS, or Congress's intent that they be afforded a pathway to legal permanent residency and, eventually, citizenship while remaining safely in the United States. These are the same individuals whom state courts have determined cannot safely be reunited with their parent(s) or returned to their home country.

Taken together, the structure of the SIJS program – including the requirement that recipients remain in the United States to move forward in the process, the grant of parole for the purpose of adjustment, and the waiver of grounds of inadmissibility and removability – evinces Congress' intent that SIJS recipients remain safely in the United States until they can adjust to become lawful permanent residents.

Moreover, when USCIS approves an SIJS petition pursuant to its regulations and the SIJS statute, that action confers upon a Special Immigrant Juvenile a protected liberty interest in remaining in the United States for the purposes of pursuing adjustment of status. *See Bridges v. Wixon*, 326 U.S. 135, 154, 65 S. Ct. 1443, 1452, 89 L. Ed. 2103 (1945) ("[W]e are dealing here with deportation of aliens whose roots may have become, as they are in the present case, deeply fixed in this land."); *C.J.L.G. v. Barr*, 923 F.3d 622, 633 (9th Cir. 2019) (Paez, J., concurring) ("When a child may be deported, the [liberty] interest is especially great.").

Elias Joel, still a minor, would experience irreparable harm if he was removed while he awaits adjustment of status. Through his grant of SIJS, Elias Joel is on a path to permanent legal status and must remain in the United States to access the status. Deporting Elias Joel would forever block him from accessing the protections Congress specifically enacted for the benefit of children like him and subverts Congress' intent that he be permitted to adjust status and establish a stable life in the United States.

## II. Elias Joel Is Not a Flight Risk

Elias Joel's mother was previously under an order of supervision from both ICE and ICE contractors, through the Intensive Supervision Appearance Program (ISAP), and wore a monitoring device from July 2025 until she returned to Ecuador on September 27, 2025. She previously complied with all required reporting. At her final ICE Check-In at 26 Federal Plaza on September 22, 2025, she was told her son must report on October 23, 2025.

Elias Joel appeared at this check-in and has fully complied with each and every imposed condition. Since his removal order was issued, he has obtained SIJS and also found pro bono legal counsel through The Door. His full compliance with reporting and efforts to obtain relief show that he will not abscond, and his seeking out assistance and legal support confirm he entered the United States for the purpose of seeking protection.

## III. Elias Joel Has Strong Ties to New York City and is Currently Enrolled in School

Elias Joel has lived safely in New York City since around late 2022. He has worked hard to build a life of safety in New York, has connected with numerous opportunities, and is supported by family in New York. Elias Joel became a member of The Door in 2025 and is an 11th grade student at Gotham Collaborative High School.

The Door is a voluntary multi-service, trauma-informed youth development agency supporting the needs of young people ages 12-24 in New York City. The Door supports young people with a wide range of services including health care, education, mental health counseling and crisis assistance, legal assistance, GED/HSE classes, tutoring and homework help, college preparation services, career development, job training and placement, supportive housing, recreational activities, art, and nutritious meals. Elias Joel is currently receiving legal and supportive services and has access to all departments at The Door. The Door can continue to provide these supportive services to Elias Joel and will continue to work with him to meet his needs.

Additionally, he recently started 11th grade at Gotham Collaborative High School in Bronx, New York. Staff members at his school explain Joel has already made a great first impression and it is clear that he is a committed and responsible student. He has 100% attendance rate so far this year. *See* Ex D; Ex. E. As the letter further explains:

> "Joel has been on time to all classes and ready to learn. In his classes he is confident in his English abilities and has been demonstrating it! He says he does not want any translated materials and would rather apply his knowledge and English vocabulary to classwork and activities. He understands instructions and does his classwork in English and asks when he needs additional explanation. He is able to separate from friends when they are a distraction by moving away and focusing on his work. Joel is respectful, efficient with his time, and participates in class. Specifically, in his College and Career Readiness (CCR) class, he is one of the leaders. This shows us, his teachers, that he cares about his education and working towards a better future here in the United States."

*See* Ex. E.

Additionally, it would be harmful for Joel to return to Ecuador, as determined by a Bronx Family Court order stating: "[i]t is not in the child's best interest to be removed from the United States and returned to Ecuador... the child would be subjected to severe financial hardship and gang violence in Ecuador... the child would not be able to continue his education and pursue his aspiration of becoming a certified mechanic..." Ex. C.

Elias Joel is supported in New York by his school and youth community. Separation from his community would be devastating for Elias Joel and his community. In accordance with the Bronx County Family Court's findings, it is abundantly clear that Elias Joel should be permitted to remain in New York, where he is safe and supported, and able to pursue his education.

### IV. Elias Joel Does Not Pose a Threat to Public Safety

Elias Joel does not pose a threat to public safety. He has no criminal record and has never been arrested or incarcerated in the United States, other than his detention by ICE upon entry into the United States to seek asylum with his mother.

V. **Conclusion**

For the foregoing reasons, we respectfully request that ICE exercise its discretion to stay Elias Joel's removal and allow him to remain in the United States to pursue adjustment of status through his approved SIJS and complete his New York City public school education.

Respectfully submitted,

*[signature]*

Beth Baltimore, Esq.
Deputy Director, The Door's Legal Services Center
(212) 941-9090, ext. 3288 • bbaltimore@door.org

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

OMB No. 1653-0021
Expires: 10/31/2027

# APPLICATION FOR A STAY OF DEPORTATION OR REMOVAL

## Action Block - For ICE Use Only

Fee/Date Stamp

- [ ] **GRANTED**  [ ] One Year  [ ] Six Months  [ ] Three Months  [ ] Other: _____
- [ ] **DENIED**  [ ] Denial letter attached.
- [ ] **REJECTED**  [ ] Incorrect Fee  [ ] Application was not submitted in person  [ ] Other: _____
- [ ] Additional information attached.

Date: _____  Decision made by: _____
(Printed Name/Title)

Deciding Official Signature (Sign in ink): _____  Office: _____

---

| Field | Value |
|---|---|
| A-File Number: | 246384757 |
| Date: | 09/24/2025 |
| If you are currently detained by ICE, provide the name of the detention facility: | |
| Last Name: | CAMAS CHAFLA |
| First Name: | Elias |
| Middle Name: | Joel |
| Address (Number and Street): | 1301 Commonwealth Avenue |
| Country of Citizenship: | Ecuador |
| Passport No: | A8332838 |
| Expiration Date: | 10/25/2032 |
| Apartment Number: | GFL |
| Length of stay requested: | [ ] One year  [ ] Six months  [ ] Three months  [X] Other: SIJS Adjustment |
| Town/City: | Bronx |
| State: | NY |
| Zip Code: | 10472 |
| Arrested by police or other law enforcement agency (other than for immigration reasons) | [ ] Yes - Documents attached  [X] No |
| Telephone Number: | |
| Cell Telephone Number: | |

## REASON(S) FOR REQUESTING A STAY OF DEPORTATION OR REMOVAL:

I have approved Special Immigrant Juvenile Status and will lose my opportunity to adjust my status if I am forced to leave the country. A family court Judge found it was in my best interest to remain in the U.S. with my mother, my sole caretaker as my father abandoned me. I am exploring opportunities to reopen and rescind my removal order. I am a high school student and want to be able to finish school and live safely in the U.S.

## EVIDENCE SUBMITTED (attached):

[ ] Medical  [X] Brief  [X] Other (specify): Documents related to guardianship, SIJS approval and public school enrollment

I certify under penalty of perjury that the information provided and contained herein is true and correct to the best of my knowledge and belief:

Elias Joel Camas Chafla
(Printed Name)

_Joel_ (Signature) (Sign in ink)

## INFORMATION IF FORM PREPARED BY OTHER THAN APPLICANT:

I declare under penalty of law that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. I understand that providing false information on behalf of the applicant could result in criminal prosecution and, upon conviction, a fine or imprisonment or both.

Beth Baltimore
(Printed Name)

_BB_ (Signature) (Sign in ink)

| 212-941-9090 | 121 Ave of the Americas, Fl 3 | New York | NY | 10013 |
|---|---|---|---|---|
| (Telephone Number) | (Street Address) | (City) | (State) | (Zip Code) |

ICE Form I-246 (10/24)  Page 3 of 3



# Notice of Entry of Appearance as Attorney or Accredited Representative

**Department of Homeland Security**

DHS
Form G-28
OMB No. 1615-0105
Expires 05/31/2021

## Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)
   ▶ [                    ]

### Name of Attorney or Accredited Representative

- **2.a.** Family Name (Last Name): BALTIMORE
- **2.b.** Given Name (First Name): Beth
- **2.c.** Middle Name: Dworkin

### Address of Attorney or Accredited Representative

- **3.a.** Street Number and Name: 121 Avenue of the Americas
- **3.b.** ☐ Apt. ☐ Ste. ☒ Flr. 3
- **3.c.** City or Town: New
- **3.d.** State: NY   **3.e.** ZIP Code: 10013
- **3.f.** Province:
- **3.g.** Postal Code:
- **3.h.** Country: USA

### Contact Information of Attorney or Accredited Representative

- **4.** Daytime Telephone Number: 2129419090
- **5.** Mobile Telephone Number (if any):
- **6.** Email Address (if any): bbaltimore@door.org
- **7.** Fax Number (if any):

## Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

- **1.a.** ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

  **Licensing Authority**: New York State Second Dept

- **1.b.** Bar Number (if applicable): 4663985

- **1.c.** I (select **only one** box) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

- **1.d.** Name of Law Firm or Organization (if applicable): The Door Legal Service Center

- **2.a.** ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

- **2.b.** Name of Recognized Organization:

- **2.c.** Date of Accreditation (mm/dd/yyyy):

- **3.** ☐ I am associated with [                    ], the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

- **4.a.** ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

- **4.b.** Name of Law Student or Law Graduate:

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

This appearance relates to immigration matters before (select **only one** box):

**1.a.** ☐ U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

**2.a.** ☒ U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.
ICE Stay of Removal Check In

**3.a.** ☐ U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)
▶

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):
☐ Applicant   ☐ Petitioner   ☐ Requestor
☐ Beneficiary/Derivative   ☒ Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name): CAMAS CHAFLA

**6.b.** Given Name (First Name): Elias

**6.c.** Middle Name: Joel

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)
▶

**9.** Client's Alien Registration Number (A-Number) (if any)
▶ A- 246384757

## Client's Contact Information

**10.** Daytime Telephone Number

**11.** Mobile Telephone Number (if any)

**12.** Email Address (if any)

## Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name: 1301 Commonwealth Avenue

**13.b.** ☐ Apt.   ☐ Ste.   ☒ Flr.   GFL

**13.c.** City or Town: Bronx

**13.d.** State: NY   **13.e.** ZIP Code: 10472

**13.f.** Province:

**13.g.** Postal Code:

**13.h.** Country: USA

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

This appearance relates to immigration matters before (select **only one** box):

**1.a.** ☐ U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

**2.a.** ☒ U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

ICE Stay of Removal Check In

**3.a.** ☐ U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):
☐ Applicant ☐ Petitioner ☐ Requestor
☐ Beneficiary/Derivative ☒ Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name): CAMAS CHAFLA

**6.b.** Given Name (First Name): Elias

**6.c.** Middle Name: Joel

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

**9.** Client's Alien Registration Number (A-Number) (if any)
▶ A- 2 4 6 3 8 4 7 5 7

## Client's Contact Information

**10.** Daytime Telephone Number

**11.** Mobile Telephone Number (if any)

**12.** Email Address (if any)

## Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name: 1301 Commonwealth Avenue

**13.b.** ☐ Apt. ☐ Ste. ☒ Flr. GFL

**13.c.** City or Town: Bronx

**13.d.** State: NY **13.e.** ZIP Code: 10472

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country: USA

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4. Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery. USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below. You may change these elections through written notice to USCIS.

1.a. [X] I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

1.b. [X] I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

**NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative. If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

1.c. [ ] I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

2.a. Signature of Client or Authorized Signatory for an Entity
➤ [signature]

2.b. Date of Signature (mm/dd/yyyy) 9/24/25

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1.a. Signature of Attorney or Accredited Representative
[signature]

1.b. Date of Signature (mm/dd/yyyy) 9/24/25

2.a. Signature of Law Student or Law Graduate

2.b. Date of Signature (mm/dd/yyyy)

## Part 6. Additional Information

If you need extra space to provide any additional information within this form, use the space below. If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper. Type or print your name at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name (Last Name): CAMAS CHAFLA
**1.b** Given Name (First Name): Elias
**1.c** Middle Name: Joel

**2.a.** Page Number
**2.b.** Part Number
**2.c.** Item Number

**2.d.**

**3.a.** Page Number
**3.b.** Part Number
**3.c.** Item Number

**3.d.**

**4.a.** Page Number
**4.b.** Part Number
**4.c.** Item Number

**4.d.**

**5.a.** Page Number
**5.b.** Part Number
**5.c.** Item Number

**5.d.**

**6.a.** Page Number
**6.b.** Part Number
**6.c.** Item Number

**6.d.**