UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E.J.C.C., a minor, by and through his next friend and attorney, Beth Baltimore,<br><br>*Petitioner-Plaintiff*,<br><br>v.<br><br>William JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Todd LYONS, in his official capacity as Acting Director U.S. Immigration and Customs Enforcement; Kristi NOEM in her official capacity as Secretary of Homeland Security; Robert F. KENNEDY, JR. in his official capacity as Secretary of Health and Human Services; Angie SALAZAR, in her official capacity as Acting Director of the Office of Refugee Resettlement; Joseph B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; U.S. Department of Health and Human Services; U.S. Office of Refugee Resettlement; U.S. Citizenship and Immigration Services.<br><br>*Respondents-Defendants*. | Case No. 25-cv-08805 (CS)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE** |

1. Pursuant to 28 U.S.C. § 2243, Petitioner E.J.C.C. respectfully requests that this Court issue an order to Respondents, requiring them to show cause why E.J.C.C.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 should not be granted.

2. E.J.C.C. is a 16-year-old Bronx high-school junior lawful status. On October 23, 2025, he did exactly what the government required: he appeared with counsel for a scheduled ICE check-in at 26 Federal Plaza. Instead of being sent back to school to attend his second-

1

period U.S. history class, he was directed to 201 Varick Street, and detained without notice or individualized explanation, and then transferred to ORR custody in the Bronx that same day. Until that point, he had been living safely with relatives, enrolled in school, and in full compliance with all of ICE's requirements. Critically, the government has awarded E.J.C.C. Special Immigrant Juvenile (SIJ) status—a congressionally created pathway for vulnerable noncitizen children to obtain lawful permanent residency. To obtain SIJ status, a state court must make specific findings about his best interests and USCIS must consent. To maintain SIJ status, E.J.C.C. must remain present in the United States. Detaining or removing him now after awarding him this status serves no lawful purpose.

3. In the Petition for Writ of Habeas Corpus, E.J.C.C. seeks his release from custody and that his removal be stayed until he is given an opportunity to apply for adjustment of status because Respondents' actions violate the Administrative Procedure Act (APA), the *Accardi* Doctrine, the Due Process Clause of the Fifth Amendment, and the Immigration and Nationality Act and its Implementing Regulations. E.J.C.C. also seeks an order directing Respondents to promptly make an individualized determination concerning deferred action for Petitioner pursuant to the government's own policy. Finally, E.J.C.C. seeks this Court release him on bail pending adjudication of the Petition pursuant to *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001).

4. Each day E.J.C.C. spends in ORR custody inflicts concrete, immediate and irreparable harms, including separation from his family and deprivation of high-school education. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Velesaca v. Decker*, 458 F. Supp. 3d 224, 241 (S.D.N.Y. 2020) ("there can be no doubt" that ongoing unlawful detention inflicts noncompensable injury); *Hernandez Aguilar v. Decker*, 482 F. Supp. 3d 139, 149–50

(S.D.N.Y. 2020) (irreparable harm from continued detention); *Sajous v. Decker*, 2018 WL 2357266, at *12 (S.D.N.Y. May 23, 2018); *George v. Harvey*, No. 06-CV-102, 2006 WL 355127, at *3 (E.D.N.Y. Feb. 14, 2006) ("loss of liberty and companionship of [] family" constitutes irreparable harm); *see also Velasco Lopez v. Decker*, 978 F.3d 842, 856 (2d Cir. 2020) (noting immigration detention "separates families" among other societal and individual harms).

5. To mitigate such harms, Petitioner seeks expedited briefing on his petition that seeks release.

6. The federal habeas corpus statute provides that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

7. Section 2243 further provides that the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

8. Section 2243 further provides that the court shall hold a hearing on the writ or order to show cause "not more than five days after the return unless for good cause additional time is allowed."

9. Section 2243 further provides that the court "shall summarily hear and determine the fact, and dispose of the matter as law and justice require."

10. Pursuant to 28 U.S.C. § 2243, and in the light of E.J.C.C.'s continued unlawful detention without bond, Petitioner respectfully requests that the Court immediately issue an Order to Show Cause against the Respondents.

11. Petitioner therefore respectfully requests that this Court order Respondents to file a return on his petition by Thursday, November 6, 2025, showing cause, if any, why E.J.C.C. should not be released. Petitioner proposes a reply deadline of Wednesday, November 12, 2025, with a hearing on the Petition to be held before the Court on Friday, November 14, 2025.

12. By email on October 27, 2025, counsel for Petitioner asked counsel for Respondents for Respondents' position on the above briefing schedule. Counsel for Respondents stated that she would notify the Court and Petitioner of Respondents' position after reviewing the amended petition.

Dated: October 28, 2025
      New York, N.Y.

Respectfully submitted,

/s/ Elizabeth Gyori
Elizabeth Gyori
Amy Belsher
Wafa Junaid
Bobby Hodgson
NEW YORK CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, Floor 19
New York, New York 10004
(212) 607-3300
egyori@nyclu.org

Beth D. Baltimore
THE DOOR'S LEGAL SERVICES CENTER
121 Avenue of the Americas, 3rd Floor
New York, New York 10013
917-701-9130
bbaltimore@door.org

*Attorneys for Petitioner-Plaintiff*